### State of Vermont v. John A. Shuttle, Sr.

[318 A.2d 155]

No. 59-72

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed April 2, 1974

*Dale O. Gray*, State's Attorney, for the State.

*Robert Edward West*, Defender General, and *George E. Rice, Jr.*, Deputy Defender General, for Defendant.

**Shangraw, C.J.** A person named John Allan Shuttle was committed on October 19, 1971, to the superintendent of a State correctional facility and confined in the State Regional Correctional Center at St. Johnsbury, Vermont, October 20, 1971, on a *mittimus* issued by the clerk of the District Court of Vermont, Unit No. 5, Washington Circuit, for failure to furnish sureties for his appearance in that court to respond to a criminal charge against him pending therein.

The defendant, John A. Shuttle, Sr., was tried and convicted on December 2, 1971, in the District Court of Vermont, Unit No. 4, Caledonia Circuit, for the offense of escape from

the correctional facility at St. Johnsbury on November 1, 1971. He has appealed to this Court for a review of his conviction.

At the time of the defendant's alleged escape, there were two individuals in the St. Johnsbury Regional Correctional Center called John Shuttle; that is, the defendant John A. Shuttle, Sr. and John A. Shuttle, Jr. It is urged by the defendant that there was insufficient evidence introduced at the trial to permit the jury to find beyond a reasonable doubt that the defendant, John A. Shuttle, Sr., was the same John Shuttle who allegedly escaped from the facility on November 1, 1971. The information on which the defendant was prosecuted gave his name as John A. Shuttle, Sr.

Briefly, the evidence reveals the following. Robert Voorhees, Jr., superintendent of the St. Johnsbury Regional Correctional Center, testified that he was required to keep current a log register showing transfers and admissions of persons to this facility. During trial, he identified the defendant as the person received and confined at the St. Johnsbury facility on October 20, 1971, whose name appeared in the log register as John Allan Shuttle. He testified that the defendant was the same person confined in the St. Johnsbury facility on the *mittimus* issued by the District Court of Vermont, Unit No. 5, Washington Circuit.

William Hollingshead, a correctional officer at the St. Johnsbury Regional Correctional Center, was acquainted with the defendant and made an in-court identification of the John A. Shuttle, Sr., who escaped on November 1, 1971. Richard D. Smith, another correctional officer, testified, in substance, to the same effect.

Newell Freer, a State police officer, apprehended the defendant on November 9, 1971, in a camp a considerable distance from St. Johnsbury. Officer Freer also made an in-court identification of the defendant as John A. Shuttle, Sr., whom he had known for a period of four to six years.

It becomes unquestionably clear that the defendant, John A. Shuttle, Sr., is the same and identical person named in the *mittimus* as John Allan Shuttle issued by the District Court of Vermont, Unit No. 5, Washington Circuit, and confined thereunder in the St. Johnsbury Regional Correctional Center on October 20, 1971, from which he allegedly escaped on No-

vember 1, 1971. Defendant's confinement in the St. Johnsbury facility is not challenged by him.

Immediately following the opening statement made by the State's Attorney and prior to the introduction of any evidence, the State offered in evidence a certified copy of the *mittimus* from the District Court of Vermont, Unit No. 5, Washington Circuit, issued by the clerk thereof. It was marked as State's Exhibit No. 1 and was received in evidence over the following objections made by counsel for the defendant:

> We are going to object to the admission of this on the grounds that we feel that the clerk is available for testifying and should be here, at this time, to justify as to whether she, in fact, was the person that made this *mittimus* and signed it.

The defendant now generally urges that the court erred in the reception in evidence of the certified copy of the *mittimus*, State's Exhibit No. 1. The only objection to its admission at the trial level related to the failure of the State to prove that Joanne B. Goodnow, the proported clerk of the Washington Circuit, was in fact the person who made and signed the *mittimus* in question.

The trial court properly charged the jury that in order to convict the defendant of the alleged escape, it was necessary for them to determine beyond a reasonable doubt that the defendant was in the lawful custody of the St. Johnsbury Regional Correctional Center by reason of the *mittimus* issued by the District Court of Vermont, Unit No. 5, Washington Circuit. No requests to charge were made by the defendant, nor were any exceptions taken thereto.

Exhibit No. 1, certified by the custodian of records of the Washington Circuit, represents a copy of an original public record and is receivable in evidence under the provisions of 12 V.S.A. § 1693. Also see *State* v. *Miner*, 128 Vt. 55, 66, 258 A.2d 815 (1969).

On the basis of the objections made to its receipt in evidence, its admission was proper. The Clerk was not required to testify.

For reasons above stated, the fact that the court by the admission of the exhibit in question did so by stating that it took judicial notice thereof, is of no consequence; and the

propriety of its receipt on this limited basis need not be passed upon by this Court.

*Judgment affirmed.*